IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOCHA C. BROWN, § § Plaintiff, § § v. § No. 3:24-cv-2179-N (BT) § LUCIFER, CEO OF THE FEDERAL § GOVERNMENT, § § Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Mocha C. Brown—who claims to be the "Bride of Christ"—filed a complaint against "Lucifer, the CEO of the Federal Government," seeking $3 million in punitive damages. ECF No. 3 at 2. She claims that, as a "loyal consumer," she has witnessed the United States engaging in deceptive business practices including false advertising by promoting "homosexuality, fornication, drugs, and killings"; charging hidden fees and interests; and being unresponsive to customer service issues, all in violation of the Bill of Rights. ECF No. 3 at 2. She claims that "Lucifer" must agree to terms that include enhanced regulation, education and awareness, and transparency and accountability. ECF No. 3 at 3.

For the reasons below, the Court should dismiss this case with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

## Legal Standards and Analysis

Because Brown proceeds *in forma pauperis* (IFP), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

A review of Brown's complaint shows that it fails to state a claim and is legally and factually frivolous. Brown provides no substantive factual allegations from which the Court could discern a plausible cause of action. Her allegations are

2

fanciful, fantastic, irrational, wholly incredible, and delusional. Accordingly, her complaint should be dismissed with prejudice.

## Leave to Amend

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before her case is dismissed, but leave is not required when she has already pleaded her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed, Brown's allegations are patently frivolous. Based on the most deferential review of her complaint it is unlikely that, given the opportunity, she could allege plausible legal claims. Thus, granting leave to amend would be futile and cause needless delay.

## Recommendation

The Court should dismiss this lawsuit with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

September 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).